[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant Richard Henz appeals from his conviction and sentence, following a no-contest plea, for DUI. Henz contends that the trial court erred by denying his motion to suppress evidence obtained as the result of an unlawful stop. We conclude that the arresting officer lawfully stopped Henz. Accordingly, the judgment of the trial court is Affirmed.
 I
Beavercreek police officer Joseph Topiah was traveling westbound on U.S. Route 35 when he saw a white van in front of him being driven by defendant-appellant Richard Henz. Topiah testified concerning what he observed, as follows:
 A. The vehicle was in the right-hand lane, which would be the slow lane of a 2-lane highway. Within a couple of seconds, the van went off the right side into the safety lane and continued driving in the safety lane for approximately 4 to 5 seconds. The vehicle then drifted back over into the lane of travel and then went back over a second time. At one point, his whole vehicle was traveling in the safety lane on westbound U.S. 35.
 Q. When you say safety lane, what do you mean by that?
 A. It would be a lane of travel — or, excuse me, a lane for vehicles that were to pull off the side of the road that may be disabled or having car problems or to check things out. It is not one of the lanes for vehicular travel.
Q. What might be referred to as the shoulder?
A. The shoulder, yes.
 Q. When the Defendant's vehicle pulled into the safety lane, did you observe it use his turn signals?
A. No, he did not.
After the second time that Henz drifted into the safety lane, Topiah stopped him. During the course of the stop, Topiah formed a suspicion that Henz might be under the influence of alcohol. Topiah administered the horizontal gaze nystagmus test, a walk-and-turn test, and a one-leg-stand test. The results of all three of these tests indicated that Henz was under the influence. Accordingly, Topiah arrested Henz, and took him to the police station for a breath alcohol test.
Henz was charged with DUI. Henz moved to suppress the evidence obtained as the result of the stop, contending that the stop was unlawful. Following a hearing, the trial court denied Henz's motion to suppress. Thereafter, Henz pled no contest, was found guilty, and was sentenced accordingly. From his conviction and sentence, Henz appeals.
 II
Henz's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO PROVE THAT THE OFFICER STOPPED THE CAR BASED ON PROBABLE CAUSE THAT THE DRIVER HAD COMMITTED A TRAFFIC OFFENSE.
Henz recognizes that a police officer may stop a driver for any observed traffic offense, even if the police officer's motivation for making the stop is unrelated to the observed traffic offense. Whren v. United States (1996), 517 U.S. 806;Dayton v. Erickson (1996), 76 Ohio St.3d 3. Henz contends, however, that Topiah did not observe a traffic violation. He cites R.C. 4511.33(A), which provides, in pertinent part, as follows:
 A vehicle . . . shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.
Henz contends that the State failed to prove that Topiah observed a violation of this statute, because the two movements described by Topiah were not accompanied by a showing that Henz had failed to ascertain that the movement could be made with safety. Henz makes a further argument concerning the phrase, "as nearly as is practicable," appearing in the statute, but that argument is somewhat unintelligible to us.
It is a nice question whether the two movements that Topiah observed were sufficient to make out a violation of R.C.4511.33(A). We do not need to decide that issue, however, because Topiah also observed a violation of R.C. 4511.39, which provides, in pertinent part, as follows:
 No person shall . . . move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement could be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided.
(Emphasis added.)
The signals provided for in R.C. 4511.39 involve either the familiar hand and arm signal, or the turn signal light with which the vehicles are equipped. Topiah testified that Henz did not signal before moving to the right upon the highway. That is a violation of R.C. 4511.39. Accordingly, Topiah was entitled to stop Henz. Whether that was, in fact, the reason why Topiah stopped Henz is immaterial. Whren v. United States, supra; Daytonv. Erickson, supra.
Henz's sole Assignment of Error is overruled.
 III
Henz's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Joseph W. Stadnicar
John H. Rion
Hon. Catherine M. Barber